UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x

BRIAN BURNS,

                            Plaintiff,

        -against-

WEST MARINE PRODUCTS, INC.,

                        Defendant.

------------------------------------------------- x

Civil Action No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq.*, defendant West Marine Products, Inc. ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files this Notice of Removal with respect to the case captioned *Brian Burns v West Marine Products, Inc.*, bearing Index No. 600822/2026, pending in the Supreme Court of the State of New York, County of Suffolk. In support of this Notice of Removal, Defendant states as follows:

## TIMELINESS OF REMOVAL

1.      On January 10, 2026, plaintiff Brian Burns ("Plaintiff") filed a Summons and Complaint in the Supreme Court of the State of New York, County of Suffolk (the "State Court Action"). A copy of the Summons and Complaint is attached as **Exhibit A**. Plaintiff alleges, *inter alia*, claims of discrimination and retaliation in violation of the New York State Human Rights Law. (*Id.*) To date, no judge has been assigned to the State Court Action.

2.      On January 16, 2026, Defendant was served through the New York Department of State, Secretary of State, pursuant to CPLR § 311. A copy of the Affidavit of Service is attached as **Exhibit B**.

3.      Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendant is removing the case to this Court within thirty (30) days of receipt of the Summons and Complaint "through service or otherwise."

### BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.      The Parties are Citizens of Different States.**

5.      Plaintiff is a citizen of the State of New York. (Ex. A ¶ 2.)

6.      Defendant is a corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. (Ex. A ¶ 3.) A copy of Defendant's registration information from the State of Florida, Department of State, Division of Corporations website is attached as **Exhibit C**.

7.      Accordingly, the parties are diverse because Plaintiff is a citizen of New York and Defendant is a citizen of Florida.

**B.      The Amount in Controversy Requirement is Satisfied.**

8.      Without admitting liability, Plaintiff seeks damages that include "compensatory damages, including emotional distress damages," punitive damages, interest, and "costs, disbursements, and attorneys' fees." (Ex. A. at p. 6.)

9.      Without admitting liability as to any and/or all of Plaintiff's claims for relief, which Defendants expressly deny, Plaintiff's Summons with Notice establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(A)-(B)

(recognizing that the amount in controversy may be established by facts pled in the Notice of Removal).

10.    Plaintiff's claim for "compensatory damages, including emotional distress damages" is sufficient to meet the $75,000 amount-in-controversy threshold.

11.    Further, when Plaintiff's claim for emotional distress damages is combined with his demand for back pay and punitive damages, the amount in controversy based on the categories of damages alleged in the Complaint exceeds the $75,000 threshold.

12.    Because the parties are citizens of different states, and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## OTHER PROCEDURAL REQUIREMENTS

13.    Exhibits A-B contain all of the process, pleadings, or orders that have been served on Defendant in this action.  28 U.S.C. § 1446(a).

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because Suffolk is within the United States District Court for the Eastern District of New York.

15.    Pursuant to 28 U.S.C. § 1446(d), Defendant will serve a copy of this Notice of Removal upon Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of Suffolk.

**WHEREFORE**, Defendant respectfully requests the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, County of Suffolk, to this Court.

Dated: February 16, 2026
    New York, New York

                    OGLETREE, DEAKINS, NASH,
                    SMOAK & STEWART, PC

3

By  /s/ *John F. Walpole*

Aaron Warshaw
John F. Walpole
1270 Avenue of the Americas, Floor 24
New York, New York 10020
212.492.2500
aaron.warshaw@ogletree.com
john.walpole@ogletree.com

*Attorneys for Defendant*
*West Marine Products, Inc.*

4

**<u>CERTIFICATE OF SERVICE</u>**

I, John F. Walpole, hereby certify that on February 16, 2026, I caused the within Notice of Removal to be submitted electronically to the Clerk of the Court for the United States District Court for the Eastern District of New York, and a copy of the within pleading to be served via email and overnight delivery, postage prepaid, upon:

Brian Burns
44 Owen Circle
Selden, New York 11784

*Pro Se Plaintiff*

/s/ *John F. Walpole*
John F. Walpole